UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE CAPATINA,
     Plaintiff,

v.

DYKEMA GOSSETT, P.L.L.C.,
a Michigan company,
     Defendant.
_____

## COMPLAINT & JURY DEMAND

     Plaintiff, Lee Capatina, through counsel, Credit Repair Lawyers of America, states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA.  15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Livonia, Wayne County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Dykema Gossett, P.L.L.C. ("Dykema Gossett") which is a Michigan company that maintains a registered agent in Plymouth, Wayne County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

2

## GENERAL ALLEGATIONS

8.  Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to MB Wilson Interior Design LLC in the amount of $17,376.26 (the alleged "Debt").

9.  On or about July 1, 2016, Mr. Capatina hired MB Wilson Interior Design for design renovations for a house in Brighton. The interior design services were used by Mr. Capatina's house for personal reasons.

10. On or about February 24, 2017, Mr. Capatina received a letter from Defendant. In this letter, Defendant failed to identify itself as a debt collector. It also failed to provide Mr. Capatina with the 30-day validation notice rights, as required by the FDCPA.

11. Further, Defendant's above letter over-shadowed Mr. Capatina's 30-day validation notice rights as it stated, "Thus, if you agree on of before March 3, 2017 to (1) pay Wilson $14,924.01 within five (5) business days; and (2) fully release and hold Wilson harmless for any potential claims you may have against Wilson, the Wilson will likewise consider the matter settled and fully release and hold you harmless for any remaining amount owed…."

12. Mr. Capatina has suffered damages, as a result of Defendant's actions.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

16. Defendant is a "debt collector" under the FDCPA.

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant violated this provision when it sent a letter to Mr. Capatina the Debt and failed to provide Mr. Capatina with the 30-day validation notice rights in the letter;

   b. 15 U.S.C. §1692e(11) by failing to disclose that a communication is from a debt collector. Defendant violated this provision when it sent Mr. Capatina a letter and failed to identify itself as a debt collector in the letter;

4

c. 15 U.S.C. §1692g(a)(3) by failing to send Plaintiff a written notice stating that, "[u]nless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

d. 15 U.S.C. §1692g(a)(4) by failing to send Plaintiff a written notice containing a statement which states, "[i]f the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

e. 15 U.S.C. §1692g(a)(5) by failing to send Plaintiff a written notice stating, "[u]pon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a.  MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor when it sent Mr. Capatina a letter for the Debt and failed to provide the 30-day validation notice rights; and

    b.  MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252 (f)(ii) by misrepresenting the legal rights of the debtor when it sent Mr. Capatina a letter for the Debt and failed to provide the 30-day validation notice rights; and

   b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

   a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated:        March 15, 2017